UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KLENSCH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILATION, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-02876-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

### INTRODUCTION

Plaintiff, an inmate at the California Treatment Facility ("CTF") in Soledad, California, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the California Department of Corrections and Rehabilitation ("CDCR"), the California Correctional Health Care Services ("CCHCS"), and two CTF doctors, Dr. Ahmed and Dr. Tarrar.[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 7.)

may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he suffers from Hepatitis C, and that his condition has progressed since April 2015 from stage 2 cirrhosis of the liver to stage 4. He would like to be treated with a medication called Harvoni. He claims that he has not received proper medical attention at CTF. He attaches a number of documents to his complaint, including medical records, a letter to Judge Henderson, and his handwritten notes.

While the deprivation of medical care violates the Eighth Amendment if prison officials were deliberately indifferent to an inmate's serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976), Plaintiff does not allege how the different Defendants were involved in depriving him of adequate medical care. Liability may be imposed on Defendants only if Plaintiff shows that their actions actually and proximately caused the deprivation of his federally protected rights.

*See Lemire v. Cal. Dept. of Corrections & Rehabilitation,* 726 F.3d 1062, 1085 (9th Cir. 2013). Plaintiff's conclusory allegations that Defendants failed to provide him with "proper" medical care are too general to satisfy the pleading requirement set forth in *Twombly* that he must make sufficient factual allegations to state a plausible claim for relief against each of the named Defendants.  Simply attaching a packet of unlabeled medical records, notes and correspondence without explaining how those documents show that each Defendant caused him to receive inadequate care also does not suffice.  To state a claim upon which relief may be granted, Plaintiff must allege in a coherent and understandable manner the actions and omissions of each Defendant --- with approximate dates --- that amounted to deliberate indifference to his Hepatitis C and cirrhosis.  Plaintiff is given the opportunity to make these allegations in an amended complaint, which he must file in accordance with the instructions below.

## CONCLUSION

1.	The complaint is dismissed with leave to amend.  Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed**.  The amended complaint **must** include the caption and civil case number used in this order (No. C 16-2876 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.  <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action.</u>

//

//

2. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 15, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KLENSCH,<br><br>       Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILATION, et al.,<br><br>       Defendants. | Case No.  16-cv-02876-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 15, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William  Klensch ID: AH6803
CTF: North B: WB-121L
P.O. Box 705
Soledad, CA 93960-0705

Dated: July 15, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

5