UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KLENSCH,<br><br>Plaintiff,<br><br>v.<br><br>DR. ZAHED AHMED; DOCTOR W. TARRAR; DR.G. KALISHER; DR. M. BHATTI; CHIEF MEDICAL OFFICER S. POSSON, D.O.; CHIEF PHYSICIAN D. BRIGHT, D.O.; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILATION; and the CALIFORNIA CORRECTIONAL HEALTH SERVICES;<br><br>Defendants. | Case No. 16-cv-02876-JSC<br><br>**ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against medical personnel at the California Training Facility ("CTF") and the California Department of Corrections and Rehabilitation and the California Correctional Health Services.[1] Plaintiff's complaint was dismissed with leave to amend, and Plaintiff filed a timely amended complaint. Because the First Amended Complaint ("FAC"), when liberally construed, cures the deficiencies in the claims against the individual defendants, it is ordered served upon them. The claims against the California Department of Corrections and Rehabilitation and the California Correctional Health Services are dismissed because Plaintiff has failed to state a claim against them upon which relief can be granted.

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 1 at 4.)

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he suffers from Hepatitis C and hearing loss for which the individual defendants provided inadequate treatment, including misdiagnosis, delays and the wrong medication. When liberally construed, his allegations are sufficient to state a cognizable claim that the individual defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff also names the California Department of Corrections and Rehabilitation ("CDCR") and the California Correctional Health Services ("CCHS") as defendants, but he makes no allegations against them. In the order dismissing the complaint with leave to amend, the Court informed Plaintiff, "To state a claim upon which relief may be granted, Plaintiff must allege in a coherent and understandable manner the actions and omissions of each Defendant --- with approximate dates --- that amounted to deliberate indifference to his Hepatitis C and cirrhosis." (ECF No. 9). Plaintiff has failed to cure this deficiency in his claims against the CDCR and the CCHS, which he was warned would result in the dismissal of his claims. Nor are these Defendants liable simply as employers of the prison officials who allegedly violated Plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior liability under Section 1983). Accordingly, the claims against the CDCR and the CCHS must be dismissed.

## CONCLUSION

1. The claims against the California Department of Corrections and Rehabilitation and the California Correctional Health Services are DISMISSED.

2. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the FIRST AMENDED COMPLAINT (ECF No. 14) with attachments, and a copy of this order on Defendants **Dr. Zahed Ahmed; Dr. W. Tarrar; Dr. G. Kalisher; Dr. M. Bhatti; Chief Medical Officer S. Posson, D.O.; and Chief Physician D. Bright, D.O.** at the **California Training Facility**.

The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent form, the complaint with all attachments and a copy of this order to the California Attorney General's Office.

3. Defendants shall complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the form. They shall also file an answer in accordance with the Federal Rules of Civil Procedure.

//

4. To expedite the resolution of this case:

    a. No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

    c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

    d. Defendants shall file a reply brief no later than **14** days after the opposition is filed.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. All communications by Plaintiff with the Court must be served on Defendants or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to

do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: April 10, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WILLIAM KLENSCH, | Case No. 16-cv-02876-JSC |
|---|---|
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILATION, et al., | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 10, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Klensch ID: AH6803
7044 Tuther Way
San Diego, CA 92114

Dated: April 10, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

7