UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KLENSCH, <br> Plaintiff, <br> v. <br> ZAHED AHMED, et al., <br> Defendants. | Case No. 16-cv-02876-WHO (PR) <br> **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br> Dkt. No. 26 |

**INTRODUCTION**

Plaintiff William Klensch alleges in this 42 U.S.C. § 1983 suit that medical staff at CTF-Soledad provided constitutionally inadequate medical care for his Hepatitis C-infected liver. Defendants Zahed Ahmed, plaintiff's primary doctor; W. Tarrar, a CTF physician who was consulted during the treatment decision process; G. Kalisher, a physician who interviewed Klensch during his review of plaintiff's medical grievance; M. Bhatti, plaintiff's psychiatrist; S. Posson, who reviewed plaintiff's medical grievance; and D. Bright, CTF's chief physician, move for summary judgment, have presented supporting evidence, and have provided Klensch with the required warnings under *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998) (en banc). Klensch has not filed an opposition and never asked to extend the filing deadline. Because the undisputed material facts show that Klensch received timely, appropriate, and successful treatment, defendants' motion for

1  summary judgment is GRANTED.

**DISCUSSION**

**I.  Background**

In 2016, Klensch wanted his doctors at CTF to prescribe the medication Harvoni to treat his Hepatitis C-infected liver. (First Am. Compl. at 6.)[1] He also alleges that there were unacceptable delays in his treatment from 2015 to 2016.

Klensch's 2015 blood tests showed that he was ineligible for Hepatitis C treatment. The Medical Progress Note on May 28, 2015 includes this assessment: "Hepatitis C.  No clinical evidence of cirrhosis.  FIB-4 score is 1.6, not eligible for treatment." (Mot. for Summ. J. ("MSJ"), Medical Progress Note, Dkt. No. 26-3 at 3.)

In March 2016, Klensch saw Dr. Ahmed about his condition.  Ahmed then submitted a hepatitis treatment request that included a recommendation for Harvoni. (*Id.*, Bright Decl., Dkt. No. 26-2 at 4-5.)

There are two issues concerning Ahmed's treatment request.  First, authority to decide on a course of treatment for HIV-infected inmates rests with the Hepatitis C Oversight Committee at the CDCR headquarters, not Ahmed. (*Id.*, Kalisher Decl., Dkt. No. 26-7 at 2.)  Second, Ahmed had erroneously determined that Klensch had never been treated before, when in fact he had been treated for hepatitis in 2012; that treatment was not successful. (*Id.* at 5.)

At the First Level review of Ahmed's treatment request in May, 2016, Dr. Kalisher interviewed Klensch, noted Ahmed's errors, and created a revised treatment request, letting Klensch know that the Oversight Committee would determine his treatment.  The revised request was approved that same month. (*Id.*, Bright Decl., Dkt. No. 26-2 at 5.)  A short delay occurred in June because Klensch's doctors were concerned that his use of Depakote, which had been prescribed by his psychiatrist, Dr. Bhatti, might interfere with his hepatitis treatment. (*Id.*)  But later that same month, Bhatti cleared Klensch for

---

[1] The Court cites to the page numbers generated by the electronic filing system.

1    treatment. (*Id.*) In July 2016, the hepatitis treatment started. (*Id.* at 5-6.)

2    According to the Oversight Committee, Harvoni was not an appropriate medication for Klensch's type of hepatitis and, apart from this, CTF medical staff lacked the authority to prescribe it. (MSJ, Gieschen Decl., Dkt. No. 26-6 at 2; Bright Decl. at 4.) Klensch's doctors settled on a different course of treatment that appears to have been successful. (*Id.*, Bright Decl., Dkt. No. 26-2 at 6.) At the end of Klensch's 12-week treatment, tests showed that he had no Hepatitis C viral RNA count. (*Id.*) This result was thought to be "excellent" (MSJ, Dkt. No. 26 at 19) because 99% of people in whom the virus is not detected after the 12-week treatment remain free of the virus for the rest of their lives. (*Id.*, Bright Decl., Dkt. No. 26-2 at 6.) Before further testing could be done, Klensch was paroled. (*Id.* at 7.) No further medical evidence is part of this record.

Klensch also claims his jailors failed to respond to (i) his 2015 request for hepatitis treatment; (ii) his request for treatment for his left ear pain; and (iii) his complaints that the Depakote prescribed by Bhatti was damaging his liver and was causing dramatic side effects. He also claims (iv) his grievance reviewers are liable for failing to act on his complaints about his 2016 hepatitis treatment.

Klensch did not exhaust his administrative remedies regarding these claims. His grievance regarding Claims (i) and (ii) was cancelled, a result he did not seek to overturn. (*Id.*, Lewis Decl., Dkt. No. 26-8 at 3-4.) There is no record that he filed any other grievance about those claims. There is also no record he filed any grievances regarding Claims (iii) and (iv).

**II.    Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

3

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotations omitted).

**III. Claims**

Defendants move for summary judgment on grounds that Klensch received constitutionally adequate medical care and that his other claims were not administratively exhausted.

Klensch did not oppose the motion for summary judgment. That does not end the matter because a district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). This is so even if the failure to

4

oppose violates a local rule. *See Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), rev'd on other grounds sub nom. *Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

The evidence presented by defendants supports their motion for summary judgment. Klensch received constitutionally adequate medical care. At the end of his 12-week treatment, tests showed that he had no viral load. That his preferred treatment (Harvoni) was not used is immaterial. A difference of opinion between a prisoner patient and a medical doctor is not enough to make out a violation of the Eighth Amendment. *Toguchi v. Chung*, 391 F3d 1051, 1058-1050 (9th Cir. 2004). Rather, a plaintiff must establish that his doctors or nurses embarked on a course of "medically unacceptable" treatment in "conscious disregard of an excessive risk to [his] health." *Id.* There has been no such showing, despite his complaints about the side effects of the treatment.[2]

Klensch also alleges that the delays in his treatment were constitutionally unacceptable. This contention is not supported by the evidence, as a review of the documents submitted by plaintiff and defendants show. Klensch was ineligible for treatment in 2015 given his blood tests. In March 2016, he saw Ahmed about his condition and started receiving treatment in July 2016. Klensch has not shown that his condition worsened or that the subsequent treatment was unsuccessful or hampered because of any delays.

His other claims are doomed by his failure to exhaust his administrative remedies.

---

[2] The side effects could have been avoided if he had received Harvoni instead, Klensch asserts. He has offered no evidence to support this.

5

Prisoners must properly exhaust their administrative remedies properly before filing suit in federal court, as mandated by the Prison Litigation Reform Act ("PLRA"). *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The PLRA's exhaustion requirement is mandatory and a prisoner's failure to comply with this requirement cannot be excused by the courts. *Ross v. Blake*, 136 S. Ct. 1850, 1856-1858 (2016).

Klensch's grievance about Claims (i) and (ii) was cancelled before it reached the final level of review. He did not seek to overturn the cancellation, nor did he file any other grievance regarding these claims. There is no record that Klensch ever filed a grievance regarding his Depakote prescription or against the persons who reviewed his Hepatitis C grievances. Any claim against the reviewers, even if properly exhausted, would fail. As explained above, the record shows that Klensch received timely, appropriate, and successful treatment.

In sum, the movants' papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. Accordingly, defendants' motion for summary judgment is GRANTED in favor of all defendants as to all claims.

## CONCLUSION

Defendants' motion for summary judgment, Dkt. No. 26, is GRANTED in favor of all defendants as to all claims. The Clerk shall enter judgment in favor of Zahed Ahmed, W. Tarrar, G. Kalisher, M. Bhatti, S. Posson, and D. Bright, terminate Dkt. No. 26, and close the file.

**IT IS SO ORDERED.**

**Dated:** April 9, 2018

WILLIAM H. ORRICK
United States District Judge